NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4126
_____

UNITED STATES OF AMERICA

v.

ALEXAMUEL GLENN, JR.,
a/k/a Prieto


ALEXAMUEL GLENN, JR.,
                                    Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court  No. 1-10-cr-00005-002
District Judge: The Honorable Christopher C. Conner

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 11, 2013

Before: McKEE, *Chief Judge*, SMITH, and SLOVITER, *Circuit Judges*

(Filed: October 3, 2013)


_____


OPINION
_____


SMITH, *Circuit Judge.*

On January 30, 2012, Alexamuel Glenn Jr. pleaded guilty in the United States District Court for the Middle District of Pennsylvania to a two-count felony information charging him with one count of conspiracy to distribute and to possess with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 846 and one count of conspiracy to possess firearms in furtherance of drug trafficking in violation of 18 U.S.C. § 924(o). The plea agreement contained stipulations to two significant matters affecting the calculation of Glenn's advisory guideline range under the United States Sentencing Guidelines. First, Glenn acknowledged that he was responsible for more than 500 grams but less than 2 kilograms of cocaine hydrochloride. Second, Glenn conceded that three drug-related robberies or attempted robberies were attributable to him for sentencing purposes—a robbery on Ann Street in Lancaster, Pennsylvania, and attempted robberies in Dauphin County and East Petersburg, Pennsylvania. In addition, the government agreed that any information provided by Glenn would not be used against him in any subsequent prosecutions, but it reserved the right to use such information at sentencing.

At the change of plea hearing, Glenn indicated that he had carefully reviewed the plea agreement with his attorney and voluntarily entered into it. When the factual basis for the guilty plea was placed on the record, Glenn offered only one clarification as to the Dauphin County attempted robbery—that until his

coconspirators pulled out their weapons, he thought he was driving his coconspirators to a drug deal and not a robbery. Otherwise, Glenn admitted to all the other facts placed in the record by the prosecution, including that the Ann Street robbery involved the pistol whipping of a customer.

The United States Probation Office assembled a Pre-Sentence Report (PSR) and submitted it to the parties on April 2, 2012. Both parties objected to the report. Eventually, a revised PSR dated August 20, 2012, calculated Glenn's base offense level at 29 with a criminal history level V, yielding an advisory guideline range of 140 to 175 months' imprisonment. After hearing from witnesses, receiving exhibits, and hearing objections, the District Court adopted the PSR in its entirety and sentenced Glenn to 140 months' imprisonment. This timely appeal followed.[1]

Glenn argues that the District Court erred by improperly calculating his sentencing guideline range. Glenn makes four arguments: (1) that the District Court improperly calculated his guideline range by grouping offenses for which he was neither convicted nor charged; (2) that the government failed to carry its burden of proof that he was involved in all the robberies used to calculate his guideline range; (3) that the District Court made a clear error in adopting the findings of the PSR in its entirety; and (4) that the District Court should not have

---

[1] The District Court exercised jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

3

allowed Glenn's proffer statements to be used against him at sentencing. These errors, according to Glenn, resulted in a procedurally unreasonable sentence.[2]

We have carefully reviewed the sentencing transcripts and the PSR. We conclude that the District Court correctly applied the grouping rules and appropriately computed Glenn's base offense level. Although Glenn may not have been convicted of the robbery and attempted robberies at issue, the plea agreement and Glenn's own testimony during the change of plea hearing confirmed that they were attributable to Glenn and, therefore, were appropriately considered in computing the base offense level.

In light of Glenn's stipulation in the plea agreement, his admissions during the change of plea hearing, and the evidence presented by the witnesses called to testify on behalf of the government, we conclude that the government adduced sufficient evidence to carry its burden of proof. Indeed, the stipulations, Glenn's admissions and the testimony of the witnesses demonstrate that the District Court did not err in adopting the PSR because the factual findings set forth therein were supported by a preponderance of the evidence.

---

[2] We exercise plenary review over a district court's interpretation of the sentencing guidelines. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (en banc). District courts make factual determinations during sentencing by a preponderance of the evidence and we review factual findings relevant to the Guidelines for clear error. *Id.* at 568, 570.

Glenn's assertion that the District Court erred by allowing the government to use his own proffer against him at sentence lacks merit. The robberies were the subject of a stipulation by the parties as set forth in the plea agreement, which specified that the government was "free to use *at sentencing*" any of Glenn's statements and the evidence he provided.

Because the District Court did not commit any procedural errors at sentencing, we conclude that Glenn's sentence of 140 months is not procedurally unreasonable. We will affirm the judgment of the District Court.